IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE, II

    Plaintiff,

vs.                                          CASE NO.: 4:12-CV-369 WCS/CAS

MORRIS YOUNG, as SHERIFF of
GADSDEN COUNTY, FLORIDA and in
his individual capacity, and FORMER DEPUTY
DERIC MORDICA, individually,

    Defendants.
_____/

## JOINT PLANNING MEETING

Plaintiff, "Jane Doe" and Defendants Morris Young, in his official capacity as Sheriff of Gadsden County, and Deric Mordica, through their undersigned counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this court's Initial Scheduling Order of March 15, 2013, submit their Joint Planning Report:

    1.    **Meeting of the Parties**: Pursuant to Rule 26(f), Fed.R.Civ.P., the parties conferred as follows: The parties conferred telephonically on April 10, 2013.

| | |
|---|---|
| Attorney for Plaintiff, Jane Doe | Larry K. White, Esq.<br>Larry K. White, LLC<br>1501 East Park Avenue, Suite A<br>Tallahassee, FL 32301<br>Tel: (850) 577-3230<br>Fax: (850) 727-4525 |
| Attorney for Deric Mordica | Timothy M. Warner, Esq.<br>Warner Law Firm<br>P.O. Box 1820 (32402)<br>519 Grace Avenue |

1

|  |  |
|---|---|
|  | Panama City, FL 32401<br>Tel: (850) 784-7772<br>Fax: (850) 784-7756 |
| Attorney for Sheriff Young | John W. Jolly, Jr.<br>Jolly & Peterson, P.A.<br>Post Office Box 37400<br>Tallahassee, FL 32315<br>Tel: (850) 422-0282<br>Fax: (850) 422-1913 |

2. **Magistrate Judge Jurisdiction**: The parties have conferred with respect to Magistrate Judge jurisdiction.

3. **Nature and Basis of All Claims and Defenses**

(A) **Plaintiff's Claims**: Currently the Plaintiff is identified as Jane Doe II. After confirming the Plaintiff's current mental disability a decision will be made as to whether ask the court to appoint a Guardian Ad Litem.

(B) On or about March 10, 2012, Plaintiff, Jane Doe II was an inmate in the Gadsden County Detention Center of the Gadsden County Sheriff's Department. On said date she was sexually assaulted by Deputy, Mordica. Defendant Mordica at all times relevant was employed by the Gadsden County Sheriff's Office and was under the direction and supervision of Sheriff, Morris Young. Plaintiff, Jane Doe II, has filed a civil action for damages and relief to redress deprivation, under color of state law, rights, privileges and immunities secured to the plaintiff by Fourth and Fourteenth Amendments to the Constitution, and the laws of the United States predicted upon 28 U.S.C. 1983 and Battery Claims. All of these claims are against both Defendants.

Additional claims of negligent hiring, negligent supervision, and negligent retention have

have been asserted against Sheriff Young pursuant to Section 768.28 Florida Statutes.

Plaintiff Jane Doe II also request that attorney fees be awarded to her.

(C) **Nature of the Defense of Sheriff Young**: Defendant Sheriff defends by denying the events as described in the Complaint occurred, that the Plaintiff consented to any sexual contact between Plaintiff and Defendant, and that if the event described in the Complaint occurred as pleaded, it was not caused by, approved by, or tolerated by the Defendant Sheriff.

(D) Defendant Deric Mordica, individually, denies any and all allegations as contained in Plaintiff's Complaint and asserts that there is not factual or legal basis for him to be found liable in this action. The Defendant, Deric Mordica, individually, asserts that the allegations made against him by the Plaintiff are false. While Defendant, Deric Mordica's Motion to Dismiss Plaintiff's Complaint is still pending, it is anticipated that should Defendant, Deric Mordica, individually, be required to file and Answer, he will also assert affirmative defenses, including but not limited to qualified immunity and sovereign immunity.

4. **Status and likelihood of settlement**: Prompt settlement is unlikely; however, mediation might be advisable after completion of discovery.

5. **Proposed timetables and cutoff dates for joinder of other parties, amendments to the pleadings and filing of motions and responses**: As required by the Initial Scheduling Order. Motions for Summary Judgment shall be filed no later than October 11, 2013.

6. **Pre-Discovery Disclosures**: The parties agree to exchange the information required by Rule 26(a)(1), Fed.R.Civ.P., and Local Rule 16.1 within fourteen (14) days of the filing of this report.

7. **Discovery Plan**: The parties jointly propose the following discovery plan:

3

A. **Request for Admissions**. Each party may propound a maximum of 50 requests for admission to another party. Responses are due 30 days after service.

B. **Written Interrogatories**. Each party may propound a maximum of 25 written interrogatories to another party, including subparts. Responses are due 30 days after service.

C. **Request for Production or Inspection**. There is no limitation on the number of relevant documents a party may request for production. Responses are due 30 days after service.

D. **Depositions**. Plaintiff is limited to 10 depositions. Defendants are entitled to 10 depositions total. The depositions of a party are limited to one day of 7 hours in accordance with Rule 30(b)(2), Fed.R.Civ.P. unless otherwise ordered by the court.

E. **Disclosure of Expert Testimony**. Plaintiff will disclose expert by June 28, 2013. Defendants will disclose expert by July 29, 2013.

F. **Completion of Discovery**. September 20, 2013.

G. **Electronic Discovery**. Plaintiff intends to request information from electronic or computer based media, but such information should be reasonably available from the defendants in the ordinary course of business. All electronic documents should be produced in PDF format or in "Summation" format. Any privileged documents inadvertently produced shall be returned to producing party. The receiving party shall destroy all copies of any privileged documents inadvertently produced. If a dispute arises, the parties shall seek the intervention of the court only after trying to resolve the matter in good faith.

8. **Trial**: This case can be ready for trial by: January 6, 2014.

4

Respectfully submitted: April 26, 2013.

/s/ Larry K. White
**LARRY K. WHITE, ESQ.**
Florida Bar No. 0195446
**LARRY K. WHITE, LLC**
1501 East Park Avenue, Suite A
Tallahassee, Florida 32301
Tel:   (850) 577-3230
Fax:   (850) 727-4525
larrykwhite@lkwlaw.net
*Attorney for Plaintiff*

/s/ John W. Jolly, Jr.
**JOHN W. JOLLY, JR.**
Florida Bar No. 291961
**JOLLY & PETERSON, P.A.**
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913
jwj@jollylaw.com
*Attorney for Defendant Morris Young*

/s/ Tim M. Warner
**TIMOTHY M. WARNER, ESQ.**
Florida Bar. No. 0642363
**WARNER LAW FIRM, P.A.**
P.O. Box 1820 (32402)
519 Grace Avenue
Panama City, Florida 32401
Tel:   (850) 784-7772
Fax:   (850) 784-7756
timwarner@warnerlaw.us
*Attorney for Defendant Deric Mordica*