UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANE DOE II,

       Plaintiff,

v.                                                        4:12cv369-WS

MORRIS YOUNG, as SHERIFF of
GADSDEN COUNTY, FLORIDA, and
in his individual capacity, and FORMER
DEPUTY DERIC MORDICA, individually,

       Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION
TO USE A FICTITIOUS NAME

The plaintiff ("Plaintiff") in this case alleges that she was sexually assaulted by a deputy of the Gadsden County Sheriff's Office—Deputy Deric Mordica—while she was an inmate at the Gadsden County Jail.  Before the court at this time is Plaintiff's motion to prosecute this action under a fictitious name.  Doc. 12.  In her very brief motion, Plaintiff explains that she wants to use a fictitious name because the case involves matters of the "utmost intimacy."  The defendants have responded (docs. 13 & 14) in opposition to Plaintiff's motion.

By order entered October 1, 2012, this court granted the defendants' unopposed motion to stay this case pending resolution of the state court criminal prosecution in State v. Deric R. Mordica, Case No. 12-0030-CFA.  In the state court case, Mordica was

charged with felony sexual misconduct in violation of section 951.221, Florida Statutes. The state court criminal case arose from the same sexual assault that forms the basis of this federal civil rights case.

On February 19, 2013, Mordica filed a notice with this court, informing the court that his criminal case was resolved when, on February 15, 2013, a jury returned a not guilty verdict. Public records from the Gadsden County Clerk's Office reveal that Plaintiff was not only named in the information filed in the criminal case, but she also testified in the case under her own name.

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties." The rule "creates a strong presumption in favor of parties' proceeding in their own names." Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011). Nonetheless, a plaintiff may proceed anonymously in a federal civil suit by showing that he or she "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotation marks omitted). Courts are split on whether the protection of anonymity should be granted to plaintiffs who allege sexual assault. Compare Doe v. Del Rio, 241 F.R.D. 154, 159-162 (S.D.N.Y. 2006) (holding that plaintiffs who alleged sexual abuse by a police officer could not proceed anonymously) with Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting anonymity to sexual assault victim).

Under the special circumstances in this case, where Plaintiff has already been publicly identified with the events at issue, the court concludes that Plaintiff's privacy interest does not outweigh the "customary and constitutionally-embedded presumption

of openness in judicial proceedings."  Accordingly, it is ORDERED:

1.  Plaintiff's motion (doc. 12) to use a fictitious name is DENIED.

2.  The defendants' motions (docs. 5 & 8) to dismiss Plaintiff's complaint without prejudice are GRANTED.

3.  Plaintiff's complaint is DISMISSED without prejudice to her filing an amended complaint.

4.  Plaintiff shall have until May 24, 2013, to file an amended complaint.

DONE AND ORDERED this ___15th___ day of ___May___, 2013.


s/ William Stafford_____
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE